**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHARLES S. PAINTER, SB# 89045
E-Mail: Charles.Painter@lewisbrisbois.com
REBECCA L. MENENDEZ, SB# 262487
E-Mail: Rebecca.Menendez@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants
MATERIAL HANDLING SYSTEMS, INC. dba
KENTUCKY MATERIAL HANDLING SYSTEMS, INC.,
a KENTUCKY CORPORATION and BAXTER & SON
MECHANICAL COMPANY, INC.

**STITES & HARBISON PPLC**
Michael M. Denbow (Pro Hac Vice)
E-Mail: mdenbow@stites.com
400 West Market Street, Suite 1800
Louisville, KY 40202
Telephone: 502.587.3400
Facsimile: 502.587.6391

Attorneys for Defendant
MATERIAL HANDLING SYSTEMS, INC. dba
KENTUCKY MATERIAL HANDLING SYSTEMS,
INC., a KENTUCKY CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT MOON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BAXTER & SON MECHANICAL COMPANY, INC., MATERIAL HANDLING SYSTEMS, INC. and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 2:19-CV-01234-KJM-AC<br><br>**JOINT STIPULATION OF THE PARTIES TO MODIFY COURT'S SCHEDULING ORDER AND ORDER** |

This court issued its Status (Pretrial Scheduling) Order on December 4, 2019 (ECF No. 19). On December 15, 2020 pursuant to a joint stipulation of the parties this court issued its order Amending the initial Status (Pretrial Scheduling) Order (ECF No. 26). Pursuant to a Joint Stipulation of the parties this court on August 21, 2021 issued an order modifying the scheduling order (ECF No.

34). On December 22, 2021 this court pursuant to a Joint Stipulation of the parties issued an order (ECF No. 37) amending the scheduling order.  Then on July 13, 2022, the court again amended the scheduling order (ECF No. 38) with the dates noted below, and now the parties agree and stipulate between and amongst themselves, thorough their respective counsel to modify the below current order so that the necessary discovery to prepare this case for trial can be completed.  The proposed new dates are listed below.

| EVENT | CURRENT DATE | PROPOSED NEW DATE |
|---|---|---|
| Last Day to Conduct Settlement/ADR Proceedings | June 1, 2023 | December 1,2023 |
| Non-Discovery Pre-Trial Motions (excluding motions in limine and Daubert motions) | May 15, 2023 | November 17, 2023 |
| Expert Discovery Closes | March 15, 2023 | September 15, 2023 |
| Rebuttal Expert Disclosures | February 1, 2023 | October 2, 2023 |
| Expert Disclosures | December 16, 2022 | July 31,2023 |
| Fact Discovery Cut Off | September 30, 2022 | March 1, 2023 |

The parties agree and stipulate that there is good cause for the modification as follows:

Defendants, MATERIAL HANDLING SYSTEMS, INC. dba KENTUCKY MATERIAL HANDLING SYSTEMS, INC., a KENTUCKY CORPORATION and BAXTER & SON MECHANICAL COMPANY, INC. (hereinafter Defendants), were initially represented by Charles S. Painter and Rebecca Menendez when they were with the law firm of Ericksen Arbuthnot. Charles S. Painter had been an equity partner in that law firm for 38 years. Ericksen Arbuthnot has been in business for almost 80 years. Ericksen Arbuthnot is now in the process of dissolving and appointing a trustee to manage the dissolution of Ericksen Arbuthnot. Ericksen Arbuthnot is going to cease doing business on December 31, 2022. In the summer of this year, Charles S. Painter determined that it was in the best interest of his clients and himself that he resign from Ericksen Arbuthnot. Charles S. Painter resigned from Ericksen Arbuthnot in August of this year and in September of this year Charles S. Painter accepted a position as a partner with the law firm of Lewis Brisbois Bisgaard Smith LLP. Mr. Painter transitioned his entire team and approximately 100 active litigation files to Lewis

1 Brisbois. This transition process has been complicated by the fact that Ericksen Arbuthnot is in the
2 process of dissolving and many of this partners and staff have resigned to seek employment at other
3 firms. The transition process is ongoing.  Additionally, my colleague assisting me on this matter,
4 Rebecca Menendez, tested for positive for COVID in September during the transition.  She, again,
5 tested positive on November 22,2022 and has had complications and is still on sick leave.

There is further good cause to modify the current scheduling order in that there are additional depositions that each party would like to complete. Counsel for plaintiff wishes to depose:

a) Rick Wihlon former employee of Defendant Material Handling Systems, Inc.;

b) Rick Davidson, former employee of Defendant, Material Handling Systems, Inc.;

c) Lovelyn George, former employee of Defendant, Material Handling Systems, Inc.;

d) Lonnie L. Crutcher, current employee of Defendant, Material Handling Systems, Inc.;

e) George Durkee, current employee of Defendant, Material Handling Systems, Inc.;

f) Gary Rickets;

g) Amber Wyckoff a former employee of Defendant, Baxter & Son Mechanical Company, Inc.;

h) Joey Osborne on Mr. Osborne is a possible witness to the incident and worked for a subcontractor on the project;

i) Kasi Montgomery a United Parcel Services, Inc. employee;

j) Kyle LaFound, a United Parcel Services, Inc. employee;

k) Walter Harris, a United Parcel Services, Inc. employee; and

l) George Jersey.

The attorneys for the defendants wish to take the following depositions:

a) Walter Harris, a United Parcel Services, Inc. employee;

b) Kyle Lafound, a United Parcel Services, Inc. employee;

c) 30b6 of Machinist Local 2128;

d) 30b6 of United Parcel Service, Inc.;

e) Devinder Makker, M.D.;

f) Ramana Adapa, M.D.;



    g) Person Most Knowledgeable for UPS; and

    h) Dr. Zhiqiang Chen.

Further, Plaintiff continues to be treated for the injuries he alleges he sustained in the industrial accident giving rise to this action.

Moreover, the parties wish to conduct another mediation. On October 28, 2020, the parties participated in an early mediation session with mediator Ernest A. Long. The parties are interested in having another mediation once the above fact discovery and expert discovery has been completed. The parties have selected Robert Davies as their mediator and expect to be able to mediate the case once discovery is completed.

**IT IS SO STIPULATED:**

DATED: December 16, 2022        BOXER & GERSON, LLP

By: _____
GARY B. ROTH
Attorneys for Plaintiff
GRANT MOON

DATED: December 16, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
CHARLES S. PAINTER
REBECCA L. MENENDEZ
Attorneys for Defendants
MATERIAL HANDLING SYSTEMS, a
KENTUCKY CORPORATION and BAXTER &
SON MECHANICAL COMPANY, INC.

**ORDER**

Having carefully reviewed the parties' stipulation and good cause appearing, the Court **grants** the parties' request to modify the existing scheduling order. The Court will issue a modified Scheduling Order reflecting the new dates consistent with the parties' stipulation and based upon the Court's availability. Counsel shall be governed by the following pretrial deadlines:

| EVENT | OLD DATE | NEW DATE |
| --- | --- | --- |
| Last Day to Conduct Settlement/ADR Proceedings | June 1, 2023 | December 1, 2023 |
| Non-Discovery Pre-Trial Motions (excluding motions in limine and Daubert motions) | May 15, 2023 | December 1, 2023 |
| Expert Discovery Closes | March 15, 2023 | September 15, 2023 |
| Rebuttal Expert Disclosures | February 1, 2023 | October 2, 2023 |
| Expert Disclosures | December 16, 2022 | July 31, 2023 |
| Fact Discovery Cut Off | September 30, 2022 | March 1, 2023 |

The court does not have hearings on November 17, 2023. Thus, non-discovery pre-trial motions, excluding motions *in limine* and *Daubert* motions shall be heard by December 1, 2023.

**IT IS SO ORDERED**.

DATED: December 23, 2022

_____
CHIEF UNITED STATES DISTRICT JUDGE